WILLIAM S. HILLS & another *vs.* BRADFORD S. FARRINGTON.

If a mortgage has been given to secure the payment of a round sum at a future day, "and all other sums of money which shall hereafter become due" for goods sold by the mortgagee to the mortgagor, it may be shown by parol that the round sum was intended and agreed by the parties to cover certain specific items of liability; and a statement, by the mortgagee to an attaching officer, of the aggregate amount due therefor, is a sufficient "account of the debt or demand," under Gen. Sts. *c.* 123, § 63, if the particular items are not asked for.

TORT by a mortgagee of personal property against an officer who attached the same on a writ against Joseph O. Farrell, the

mortgagor.    The items of the plaintiffs' claim under their mort-
gage consisted of "Balance due, $6.13; Nov. 21, 12 barrels of
flour, $90 ; Nov. 29, cash, $27 ; same date, recording mortgage,
75 cts.;" and flour subsequently delivered, sufficient to make
up the whole amount of claim $172.03.

After the former decision in this case, reported in 3 Allen,
427, a new trial was had before *Wilkinson*, J., without a jury,
at which the plaintiffs' statement of the amount of their debt,
and the mortgage, were proved, as before; and upon this, and
other evidence which is stated in the opinion, the judge rendered
judgment for the defendant.    The plaintiffs alleged exceptions.

*H. W. Muzzey*, for the plaintiffs.

*E. M. Bigelow*, for the defendant.

DEWEY, J.    Under the decisions of this court sustaining
mortgages conditioned for the payment of a note given for a
round sum, but really to secure future advances, in which the
actual advances or sums paid have been allowed to be shown
as the consideration and extent of the liability, we see no objec-
tion to the parol proof of the consideration of the one hundred
dollars to be paid on the first day of January 1860, or in other
words, whatever indebtedness might in fact be embraced in that
sum by the contract and stipulations made by the parties.
*Commercial Bank* v. *Cunningham*, 24 Pick. 270.    If such evi-
dence was competent, it is fully shown in the present case that
the sum of twenty-seven dollars paid to Scott, and the small
sum paid for recording the mortgage, were embraced in the sum
of one hundred dollars stipulated to be paid on the 1st of Jan-
uary, and might therefore properly constitute a part of the vari-
ous items composing the aggregate sum due on the mortgage.
To this may be added the sum of $6.13 due as balance of old
account.    The other items, including the twelve barrels of flour
sold on the same day as the date of the mortgage, may be prop-
erly considered as embraced in the second clause of the condi-
tion, as such sale and delivery may have taken place after the
making and delivery of the mortgage.    We think this clause
may properly be understood to include all sales made after the
time of the execution of the mortgage, although at a subsequent

period on the same day. In this view of the liabilities covered by the mortgage, the amount of indebtedness was truly and justly stated.

The case upon this point differs materially from that pre· sented to the court in 3 Allen, 427.

The further question is whether, in the form of stating the sum due on the mortgage, there was such a departure from the requisitions of the statute as to defeat the present action.

On the part of the defendant, it is said that it was necessary to state the items composing the aggregate amount. It is conceded that when the mortgage is given to secure a promissory note or other definite sum stated in the mortgage, a mere statement of the amount or balance due is all that is necessary. The mortgagee is required to state " a just and true account." We cannot think that this requires that the original demand should in all cases contain a detailed statement of every item of a series of charges on a book account containing the particular charges for goods sold, moneys paid, &c., which are covered by a mortgage given to secure future advances; certainly not where no further particulars are asked for. *Molineux* v. *Coburn,* 6 Gray, 124. *Hills* v. *Farrington,* 3 Allen, 427. *Jones* v. *Richardson,* 10 Met. 481. If not stated truly, it would be at the peril of losing the mortgage security, unless the mortgagee could show affirmatively that the statement was made in good faith, and embraced substantially the claims covered by the mortgage, and also the further fact that no prejudice could have happened to the attaching creditor thereby, by reason of the value of the property being so much less than the sum due on the mortgage, that, if the same had been truly stated, the attaching creditor could have had no inducement or interest to pay the same. In the present case, the whole value of the property is found to be but ninety dollars, presenting a strong case for the application of the rule stated in *Rowley* v. *Rice,* 10 Met. 7, and *Harding* v. *Coburn,* 12 Met. 341, if there had been an over-statement of the amount due on the mortgage. The ruling of the superior court giving judgment for the defendant, upon the ground that the plaintiff had failed to render a just and true account, was erroneous. *Exceptions sustained.*